UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
J. MARK COULSON
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
Phone: (410) 962-4953
Fax: (410) 962-2985

August 27, 2018

LETTER TO ALL COUNSEL OF RECORD

    Re:    *LeGrand v. Social Security Administration*[1]
            Civil No. 17–cv–02023–JMC

Dear Counsel:

    On July 20, 2017, Ms. Marquita Tamara LeGrand petitioned this Court to review the Social Security Administration's final decision to deny her claims for disability and disability insurance benefits and supplemental security income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment and Ms. LeGrand's Response. (ECF Nos. 16, 19, 20). I find that no hearing is necessary. Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and correct legal standards were employed. 42 U.S.C. § 405(g); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the judgment of the Social Security Administration, and remand the case to the Social Security Administration for further analysis pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

    Ms. LeGrand filed a claim for benefits on June 26, 2013. (Tr. 176–85). Her claim was denied initially and on reconsideration following appeal. (Tr. 109–14; 116–19). Administrative Law Judge ("ALJ") Mary Forrest-Doyle held a hearing on March 11, 2016. (Tr. 28–62). Following that hearing, on June 28, 2016, the ALJ determined that Ms. LeGrand was not disabled during the relevant time frame. (Tr. 8–21). The Appeals Council denied Ms. LeGrand's request for review on June 15, 2017, making the ALJ's decision the final, reviewable decision of the Agency. (Tr. 1–3).

    In arriving at her decision to deny Ms. LeGrand's claim, the ALJ followed the five-step sequential evaluation of disability set forth in the Secretary's regulations. 20 C.F.R. § 416.920. "To summarize, the ALJ asks at step one whether the claimant has been working; at step two, whether the claimant's medical impairments meet the regulations' severity and duration requirements; at step three, whether the medical impairments meet or equal an impairment listed in the regulations; at step four, whether the claimant can perform her past work given the limitations caused by her medical impairments; and at step five, whether the claimant can perform other work." *Mascio v. Colvin*, 780 F.3d 632, 634–35 (4th Cir. 2015). If the first three steps do not yield a conclusive determination, the ALJ then assesses the claimant's residual functional capacity ("RFC"), "which is 'the most' the claimant 'can still do despite' physical and mental limitations that affect her ability to work," by considering all of the claimant's medically determinable impairments regardless of severity. *Id.* at 635 (quoting 20 C.F.R. § 416.945(a)(1)). The claimant bears the burden of proof through the first four steps of the sequential evaluation. If she makes the requisite showing, the burden shifts to the Social Security

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner of Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

Administration at step five to prove "that the claimant can perform other work that 'exists in significant numbers in the national economy,' considering the claimant's residual functional capacity, age, education, and work experience." *Lewis v. Berryhill*, 858 F.3d 858, 862 (4th Cir. 2017) (internal citations omitted).

In this case, at step one, the ALJ found that Ms. LeGrand had not engaged in "substantial gainful activity" since February 20, 2012, the alleged onset date. (Tr. 13). At step two, the ALJ determined that Ms. LeGrand's post-traumatic stress disorder, major depressive disorder, and adjustment disorder with anxiety and asthma constitute severe impairments under the relevant regulations. (Tr. 13–14). At step three, the ALJ found that Ms. LeGrand does not have an impairment or combination of impairments that meet or medically equal the severity of any of the listed impairments set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 14–15). Then, "[a]fter careful consideration of the entire record," the ALJ determined that Ms. LeGrand has the RFC to perform:
> a full range of work at all exertional levels but with the following nonexertional limitations: she should avoid concentrated exposure to chemicals and irritants such as fumes, odors, dust, and gases and poorly ventilated areas; limited to simple, routine and repetitive tasks; limited to work in a low stress job, defined as having no decision making required and no changes in the work setting; no interaction with the public and only occasional interaction with co-workers.

(Tr. 15–19). At step four, the ALJ determined that Ms. LeGrand is unable to perform any past relevant work. (Tr. 19). Finally, at step five, after considering the testimony of a vocational expert, the ALJ determined that Ms. LeGrand can perform jobs existing in significant numbers in the national economy and she was therefore not disabled during the relevant time frame. (Tr. 19–20).

The Court reviews an ALJ's decision to ensure that the ALJ's findings are supported by substantial evidence and were reached through application of correct legal standards. *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," which "consists of more than a mere scintilla of evidence but may be less than a preponderance." *Id.* (internal citations and quotations omitted). In accordance with this standard, the Court does not "undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (internal citations and quotations omitted). Instead, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Id.*

Ms. LeGrand raises a single argument on appeal. She argues that the ALJ failed to comply with the mandates set forth in the Fourth Circuit's decision in *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015), as the ALJ "found Plaintiff to suffer 'moderate difficulties' in maintaining concentration, persistence or pace" but then "did not include a limitation in the RFC assessment that accounts for Plaintiff's moderate difficulties maintaining concentration, persistence or pace throughout an eight-hour workday." (ECF No. 16–1 at 12).

Although the ALJ ultimately found that Ms. LeGrand's impairments did not meet or medically equal any of those listed in the regulations at step three in the sequential evaluation, a more-detailed explanation of the analysis at step three will better inform the Court's decision here. At step three of the sequential evaluation, the ALJ determines whether a claimant's impairments meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Listings 12.00 *et seq.* pertain to mental impairments. 20 C.F.R. Pt. 404, Subpt. P, App. 1 §§ 12.00–12.15. The relevant listings therein consist of (1) a brief statement describing a subject disorder; (2) "paragraph A criteria," which consists of a set of medical findings; and (3) "paragraph B criteria," which consists of a set of impairment-related functional limitations. *Id.* at § 12.00(A). If both the

2

paragraph A criteria and the paragraph B criteria are satisfied, the ALJ will determine that the claimant meets the listed impairment. *Id.*

Paragraph B consists of four broad functional areas: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation. *Id.* at § 12.00(C). The ALJ employs the "special technique" to rate a claimant's degree of limitation in each area, based on the extent to which the claimant's impairment "interferes with [the claimant's] ability to function independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. § 404.1520a(c)(2). The ALJ uses a five-point scale to rate a claimant's degree of limitation in the first three areas: none, mild, moderate, marked, or extreme. *Id.* at § 404.1520a(c)(4). To satisfy paragraph B, a claimant must exhibit either "marked" limitations in two of the first three areas, or "marked" limitation in one of the first three areas with repeated episodes of decompensation. *See, e.g.*, 20 C.F.R. Pt. 404, Subpt. P, App. 1 §§ 12.04, 12.06. Marked limitations "may arise when several activities or functions are impaired, or even when only one is impaired, as long as the degree of limitation is such as to interfere seriously with [the claimant's] ability to function." *Id.* at § 12.00(C). The functional area of "[c]oncentration, persistence, or pace refers to the ability to sustain focused attention and concentration sufficiently long to permit the timely and appropriate completion of tasks commonly found in work settings." *Id.* at § 12.00(C)(3). Social Security regulations do not define limitations in concentration, persistence, or pace "by a specific number of tasks that [a claimant is] unable to complete." *Id.* The regulations also offer little guidance as to the meaning of "moderate" limitations. *See Lewis v. Commissioner*, Civ. No. SAG–16–3661, 2017 WL 2683948, at *2 (D. Md. June 21, 2017).

In *Mascio*, the Fourth Circuit held that a remand was necessary where the hypothetical the ALJ posed to the vocational expert, and the corresponding RFC assessment, failed to include any mental limitations other than unskilled work, despite the fact that, at step three of the sequential evaluation, the ALJ determined that the claimant had moderate difficulties in maintaining concentration, persistence, or pace. 780 F.3d at 637–38. In so holding, the Fourth Circuit agreed with other federal circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, or pace by merely restricting the hypothetical question posed to the vocational expert to simple, routine tasks or unskilled work. *Id.* at 638. Nonetheless, the Fourth Circuit noted that the failure to include additional limitations may not constitute error if the ALJ is able to offer an explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace did not warrant a limitation in the claimant's RFC assessment. Simply put, the *Mascio* Court held that where an ALJ finds moderate difficulties at steps two or three of the sequential evaluation, the ALJ is then required either to include the appropriate limitations that would account for such difficulties in the RFC or to explain why no such limitations are necessary.

In this case, the ALJ assessed Ms. LeGrand's mental impairments pursuant to the "special technique," and found that she had moderate limitations in concentration, persistence, or pace. (Tr. 14). The ALJ's complete assessment reads:
> With regard to concentration, persistence, or pace, the claimant has moderate difficulties. At a consultative evaluation, the claimant read and completed forms independently (10F/5). During this evaluation, she also displayed intact cognitive and functional abilities (10F/6). However, the claimant alleged that she has concentration difficulties. In giving the claimant the benefit of the doubt, I find that she has moderate difficulties in regard to concentration, persistence or pace.

*Id.* Regarding Ms. LeGrand's RFC, the ALJ determined that she is limited to "simple, routine and repetitive tasks" and "work in a low stress job, defined as having no decision making required and no changes in the work setting." (Tr. 15). Ms. LeGrand contends that the ALJ here committed a similar error to that in *Mascio* because she determined that Ms. LeGrand has moderate limitations in concentration, persistence, or pace throughout an

eight-hour workday and subsequently failed to incorporate an appropriate limitation in the RFC assessment. Specifically, Ms. LeGrand argues that "[t]he cursory analysis provided by the ALJ in Plaintiff's case does not reveal why the ALJ found Plaintiff to suffer moderate limitations in concentration, persistence, or pace, or what those specific difficulties entail." (ECF No. 16–1 at 14).

The Court agrees with Ms. LeGrand's argument in that the cursory analysis provided by the ALJ in his case fails to satisfy the Fourth Circuit's mandates annunciated in *Mascio*. Indeed, although the ALJ states that Ms. LeGrand has "moderate difficulties" with regard to concentration, persistence, and pace, her four-sentence analysis could also suggest an alternative finding that Ms. LeGrand has mild or no difficulties, especially considering that the ALJ was "giving the claimant the benefit of the doubt" in terms of her ability to concentrate, persist, and pace. (Tr. 14). Without further explanation and analysis, the Court is unable to ascertain whether the ALJ truly believed Ms. LeGrand to have moderate difficulties in concentration, persistence, and pace, instead of mild or no difficulties, and how those difficulties restrict her RFC such that she is limited to "simple, routine and repetitive tasks" and "work in a low stress job, defined as having no decision making required and no changes in the work setting." (Tr. 15). *See Brocato v. Commissioner*, Civ. No. SAG–16–2540, 2017 WL 3084382, at *3 (D. Md. July 19, 2017). The ALJ's RFC determination and analysis therein may indicate that the ALJ actually believed Ms. LeGrand had only mild or no difficulties in the relevant areas. (Tr. 14). The ALJ's failure to adequately address Ms. LeGrand's concentration, persistence, and pace before finding moderate difficulties warrants remand for further analysis and explanation under *Mascio*. On remand, the ALJ should consider the appropriate level of limitation in the areas of concentration, persistence, and pace and, if moderate limitation(s) is again found, should explain the reasons for that finding, as to adequately evaluate the moderate limitation(s) under the dictates of *Mascio*. Finally, in remanding for additional explanation, I express no opinion as to whether the ALJ's ultimate conclusion that Ms. LeGrand is not entitled to benefits is correct.

For the reasons set forth herein, the cross motions for summary judgment, (ECF Nos. 16, 19), are DENIED, the Social Security Administration's judgment is REVERSED, and the case is REMANDED in order for the ALJ to provide further analysis and explanation.

Despite the informal nature of this letter, it is an Order of the Court and the Clerk is directed to docket is as such.

Sincerely yours,

/s/
J. Mark Coulson
United States Magistrate Judge